IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES EZELL, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-608-D |
| DAVID COLE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Before the Court is the Report and Recommendation [Doc. No. 86] ("R&R"), issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b). Judge Erwin recommends dismissal of the Amended Complaint [Doc. No. 83] in its entirety. After receiving two extensions [Doc. Nos. 88, 90], Plaintiff filed an Objection [Doc. No. 91] to the R&R.

In his Objection, Plaintiff only addresses the portion of the R&R related to his claims against Defendant David Cole. However, instead of addressing the substance underlying Judge Erwin's recommendation, Plaintiff seeks leave to file another amended complaint. *See* Pl.'s Objection at 1-2. Plaintiff's Objection thus fails to comply with Fed. R. Civ. P. 72(b)(2), which requires objections to be "specific." Indeed, a "party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Although Plaintiff proceeds *pro se*, and his pleadings must be construed liberally, the Court cannot act as his advocate

or relax otherwise generally applicable rules of procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Due to the lack of specificity in his Objection as it relates to his official-capacity claim against Defendant Cole, the Court finds that Plaintiff has waived review of the issue.

Aside from his official-capacity claim against Defendant Cole, Plaintiff does not address any of the other issues discussed in the R&R. *Compare* R&R at 6-8, *with* Pl.'s Objection. Therefore, Plaintiff has likewise waived review of those issues.

The Court has reviewed the R&R, as well as the case record, and fully concurs in the conclusions reached by Judge Erwin. Therefore, the Court adopts the R&R in its entirety.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's claim against Defendant David Cole in his official capacity is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are **DISMISSED** without prejudice.

A separate judgment shall be issued accordingly.

**IT IS SO ORDERED** this 27th day of March, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Plaintiff's "Third Request for Appointment of Counsel" [Doc. No. 78] is denied as moot.